### COOPER v. FLEISCHMAN.

(Supreme Court, Appellate Term, First Department.   June 24, 1913.)

MASTER AND SERVANT (§ 256*)—INJURY TO SERVANT—ACTION—COMPLAINT—SUFFICIENCY.

A complaint in an action for injuries to an employé while painting, which alleges that he used a stepladder supplied by the employer, and that without any fault on his part the ladder broke, causing injuries, that prior to the accident the employer had used the ladder, which was unfit for use, that the employer had knowledge thereof, that on the day of the accident the employer represented that the ladder had been repaired and directed the employé to use it, and that the repairs were so made that no inspection could disclose its defective condition, states a cause of action as against a demurrer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 809–812, 815; Dec. Dig. § 256.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by George Cooper against Joseph Fleischman.   From a judgment sustaining a demurrer to the complaint, plaintiff appeals.   Reversed, and demurrer overruled, with leave to defendant to answer on payment of costs.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Henry Hoelljes, of New York City, for appellant.

Rosenthal & Heermance, of New York City, for respondent.

PER CURIAM.   The complaint in this action was demurred to, the demurrer sustained, and after that judgment entered in favor of the defendant, from which plaintiff appeals.

The complaint alleged that the plaintiff, while in the employ of the defendant, engaged in painting, was making use of a stepladder, which had been supplied by the defendant, and that without any fault or negligence of the plaintiff the ladder broke and the plaintiff fell to the floor, sustaining serious injuries.   It is also alleged that, prior to the time of the accident, the defendant had used the same ladder; that it was worn loose, and was unfit for use, of which defendant had knowledge; that on the day of the accident the defendant had represented that the ladder had been repaired, and that it was all right; and that he directed the plaintiff to use the same.   It also avers that the repairs were so made that no inspection could have disclosed its defective condition.   A mere statement of the allegations above set forth shows that a cause of action was alleged, and that the demurrer should not have been sustained, but overruled.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judgment reversed, with costs, and demurrer overruled, with leave to the defendant to withdraw the demurrer and answer, upon payment of costs in this court and $5 costs in the court below, within five days after service of a copy of this order with notice of entry.